IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

JENNIFER SPENCER, individually and on behalf of all those similiarly situated,

    Plaintiff(s),

vs.

ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services, and SHAWNDA O'BRIEN, in her official capacity as Director of the Alaska Division of Public Assistance

    Defendant(s).

State of Alaska
HSS/DPA
**FEB 2 8 2019**
Received

CASE NO. 3AN-19-5306 CI

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: __DIVISION OF PUBLIC ASSISTANCE   c/o Shawnda O'brien__

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): __825 WEST 4TH STREET, ANCHORAGE, AK 99501__ within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

    Plaintiff's attorney or plaintiff (if unrepresented): James J. Davis, Jr.
    Address: Northern Justice Project, LLC, 310 K Street, Suite 200, Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge __Crosby__.

(SEAL)
CIV-100 (2/06)(st.3)
SUMMONS

CLERK OF COURT
Civil Rules 4, 5, 12, 42(c), 55

2-27-19  By: _____
Date          Deputy Clerk

\* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.



CIV-100 (2/06)(st.3)  
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

James J. Davis, Jr.
Goriune Dudukgian
**Northern Justice Project, LLC**
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com
Attorneys for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JENNIFER SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services, and SHAWNDA O'BRIEN, in her official capacity as Director of the Alaska Division of Public Assistance,<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT** |

## PRELIMINARY STATEMENT

1. This putative class action lawsuit challenges the defendants' systemic failure to provide Medicaid coverage to eligible applicants with reasonable promptness. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of federal statutory rights by state officials under color of state law.

2. Defendants' systemic and unlawful delays – from processing Medicaid applications to providing Medicaid benefits to eligible applicants – have deprived and

continue to deprive *thousands* of vulnerable Alaskans of desperately-needed healthcare coverage.

3. Defendants' own data indicates that, as of February 2019, there was a backlog of more than 15,000 Medicaid applications awaiting eligibility determinations in Alaska; more than 10,000 of these individuals had applied in 2018 and were *still* waiting for defendants to provide them with Medicaid coverage.

4. Defendants' delays in processing Medicaid applications and providing Medicaid coverage to eligible applicants are a longstanding phenomenon. Defendants' data indicates that, for the 2018 state fiscal year, it failed to process 19,631 Medicaid applications within the federal timeframes, which was 46.3% of the total applications submitted. Meanwhile, defendants' historical data shows that they failed to timely process 33.6% of Medicaid applications in the 2014 state fiscal year, 62.2% in the 2015 state fiscal year, 57.4% in the 2016 state fiscal year, and 48.6% in the 2017 state fiscal year.

5. Defendants' delays are hurting communities across the state. No single district office of the Alaska Division of Public Assistance ("DPA") is timely processing more than 66% of Medicaid applications received.

6. Plaintiff, on behalf of herself and similarly situated Alaskans, seeks preliminary and permanent injunctive relief requiring the defendants to provide Medicaid coverage to eligible applicants with reasonable promptness, as required by federal law.

## JURISDICTION

7. This Court has jurisdiction pursuant to AS 22.10.020(c) and (g).

8. Venue is proper under AS 22.10.030 and Alaska Civil Rule 3(c).

## PARTIES

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

9. Plaintiff Jennifer Spencer resides in Anchorage, Alaska.

10. Defendant Adam Crum is the Commissioner of and oversees the Alaska Department of Health and Social Services ("DHSS"), which is the state agency that is responsible for, among other things, administering Alaska's Medicaid program in accordance with federal and state statutes and regulations. Commissioner Crum is sued in his official capacity.

11. Defendant Shawnda O'Brien is the Director of and oversees the Division of Public Assistance ("DPA"), which is the division within DHSS that is responsible for, among other things, accepting and processing Medicaid applications and making eligibility determinations in accord with state and federal law. Director O'Brien is sued in her official capacity.

## CLASS ALLEGATIONS

12. Plaintiff Jennifer Spencer brings this action on her own behalf and on behalf of all persons who are similarly situated, pursuant to Rule 23 of the Alaska Rules of Civil Procedure.

13. The class is defined as follows: All individuals who applied for Alaska Medicaid within two years before the filing of this lawsuit, and all future applicants, who did not or do not receive a final eligibility determination *and* Medicaid coverage from the defendants within 30 days after submitting their Medicaid applications, or within 90 days if a disability determination was or is required.

14. All requirements for class certification under Rule 23(a) are met in this case. Specifically,

    a. The class is so numerous that joinder of all members is impracticable.

3

The number of individuals in the above-defined class, although presently unknown, is believed to number in the thousands.

b. There are questions of law or fact common to the class, including but not limited to: Are the defendants violating 42 U.S.C. § 1396a(a)(8) and/or 7 Alaska Administrative Code (AAC) 100.018(b) by failing to provide Medicaid coverage to eligible individuals with "reasonable promptness" after receiving their complete applications?

c. The claims of the representative party are typical of those of the putative class members.

d. The representative party will fairly and adequately represent the class. Neither the representative plaintiff nor her counsel have interests which might cause them not to vigorously pursue this action.

15. Certification of a class under Alaska R. Civ. P. 23(b)(2) is appropriate because the defendants at all times have acted and/or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

## STATUTORY AND REGULATORY SCHEME

### Overview

16. Congress created the Medicaid program in 1965 as a joint federal-state endeavor to provide medical assistance to eligible low-income individuals whose resources and income are insufficient to afford necessary medical services.

17. Through Medicaid, the federal government subsidizes a substantial portion of a participating state's expenditures in providing covered medical care.

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

18. Although state participation in Medicaid is optional, participating states, such as Alaska, must comply with the federal requirements of the Medicaid program.

**Federal Timely Processing Requirements for Medicaid Applications**

19. The Medicaid Act mandates that state Medicaid plans must provide "that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. § 1396a(a)(8).

20. Federal regulations implementing the Medicaid program similarly require states to make Medicaid eligibility determinations "promptly and without undue delay." 42 C.F.R. § 435.912(b). The implementing regulations set two explicit caps on the length of time that states have to determine the eligibility of an applicant. First, per 42 C.F.R. § 435.912(c)(3)(i), for any applicant applying for Medicaid on the basis of a disability, an eligibility determination must be made within 90 days. Second, per 42 C.F.R. § 435.912(c)(3)(ii), for all other Medicaid applicants, an eligibility determination must be made within 45 days.

21. Per 42 C.F.R. § 435.912(e), these 45 and 90 day time limits apply unless unusual circumstances exist, such as an emergency beyond an agency's control. By contrast, "any delay caused by the agency's administrative procedures" is not excused under federal law. *See* 42 C.F.R. § 435.930(a).

**The State of Alaska's Administration of the Medicaid Program**

22. The State of Alaska participates in the Medicaid program. DHSS is the "single state agency" administering Alaska's Medicaid state plan.

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

23. DHSS has promulgated regulations for the processing of Medicaid applications. Per 7 AAC 100.018(b), DHSS must mail eligible applicants a notice, within 30 days after a Medicaid application is received or 90 days if a disability determination is required, which states the date on which Medicaid coverage will begin.

## FACTUAL ALLEGATIONS

### Facts Common to the Class

24. During all relevant times, defendants have failed to provide Medicaid coverage to eligible applicants with "reasonable promptness," as that term is defined under federal and state law.

25. Defendants' own data shows an ongoing and longstanding pattern of violating state and federal timeframes with regard to the processing of Medicaid applications and the provision of Medicaid benefits to eligible applicants.

26. For instance, a February 4, 2019 DHSS report indicates that, from July 2018 through January 2019, Alaskans submitted 25,825 initial applications for Medicaid, yet DHSS only timely processed 12,763 of those applications.

27. Similarly, a July 5, 2018 DHSS report indicates that, from July 2017 through June 2018, Alaskans submitted 42,370 initial applications for Medicaid, yet DHSS only timely processed 22,739 of those applications.

28. The aforementioned February 4, 2019 DHSS report also indicates that processing delays pervade every district office throughout the entire state. No single DPA district office in Alaska – from Bethel to Kenai, and from Mat-Su to Nome – is timely processing greater than 66% of Medicaid initial applications. Many branches are failing to timely process more than half of all initial applications received.

29. DHSS's acknowledgment of its failures to provide Medicaid coverage with reasonable promptness comports with the May 7, 2018 report of the Alaska State Ombudsman following its systemic investigation of "a steady flow of complaints about delays in processing applications for and payment of public assistance benefits [including Medicaid], as well as complaints about the lack of a meaningful way to contact or receive a response from the Division of Public Assistance (DPA) about the status of applications."

30. The Ombudsman's report states that from 2016-2017, it received more than 400 complaints about DPA, and that the second most frequent complaint related to processing delays for Food Stamp and Medicaid applications.

31. The Ombudsman's report concluded that, even with efforts to address processing backlogs, "DPA does not consistently meet the statutorily mandated timelines for processing applications for Medicaid, Food Stamps, and other public assistance programs."

**Facts of Individual Named Plaintiff**

32. Jennifer Spencer applied for Medicaid through the Health Insurance Marketplace on healthcare.gov on December 21, 2018. Ms. Spencer's application for Medicaid is *not* based on disability.

33. On that same date, the Health Insurance Marketplace website informed Ms. Spencer that, because her monthly income was sufficiently low, she was eligible for Medicaid or the Children's Health Insurance Program. The Health Insurance Marketplace website further informed Ms. Spencer that she would be getting information about how to access her benefits from the Alaska Division of Public Assistance.

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

34. As of the date of this filing, Ms. Spencer still has not begun receiving Medicaid benefits. Nor has Ms. Spencer received any notice from the defendants stating the date on which her coverage will begin.

## STATEMENT OF CLAIMS

### COUNT I – VIOLATION OF 42 U.S.C. § 1983

35. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

36. Defendants are "persons" subject to liability under 42 U.S.C. § 1983.

37. Defendants' failure to provide to provide Medicaid coverage to plaintiff Spencer and the putative class members with "reasonable promptness" violates the Medicaid Act, namely 42 U.S.C. § 1396a(a)(8).

38. Defendants have thereby, under color of state law, deprived plaintiff Spencer and the putative class members of the rights, privileges or immunities secured by federal law.

### COUNT II – VIOLATION OF 7 AAC 100.018

39. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

40. Defendants violated 7 AAC 100.018 by failing to provide plaintiff Spencer and the putative class members with a notice, within 30 days after receiving their Medicaid application or 90 days if a disability determination was required, stating the date on which their Medicaid coverage would begin.

### PRAYER FOR RELIEF

8

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

WHEREFORE, the plaintiff respectfully asks that this Court award the following relief:

i. Certification of the above-defined class;

ii. A declaration that the defendants violated 42 U.S.C. § 1396a(a)(8) and 7 AAC 100.018 by failing to provide Medicaid coverage to plaintiff Spencer and the putative class members with "reasonable promptness" after receiving their applications.

iii. A preliminary and permanent injunction requiring defendants to make a final eligibility determination and to begin providing Medicaid coverage to all eligible individuals within 30 days after receiving their Medicaid applications or 90 days if a disability determination is required.

iv. The costs and expenses of litigation.

v. Full reasonable attorney's fees under 42 U.S.C. § 1988.

vi. For such other and further compensatory or equitable relief as this Court may deem just under the circumstances.

DATED this 27 day of February, 2019 at Anchorage, Alaska.

NORTHERN JUSTICE PROJECT, LLC
Attorneys for Plaintiffs

James J. Davis, Jr., AK Bar No. 9412140
Goriune Dudukgian, AK Bar No. 0506051

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645