James J. Davis, Jr.
Goriune Dudukgian
**Northern Justice Project, LLC**
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com
Attorneys for Plaintiffs

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | | |
|---|---|---|
| JENNIFER SPENCER, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 3AN-19-05386 CI |
| ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services, and SHAWNDA O'BRIEN, in her official capacity as Director of the Alaska Division of Public Assistance, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

## MOTION FOR CLASS CERTIFICATION

Pursuant to Alaska Civil Rule 23, plaintiff Jennifer Spencer, by and through counsel,

the Northern Justice Project, LLC, hereby moves this Court for certification of the above-

entitled lawsuit as a class action. Plaintiff seeks to represent a class comprised of: all

individuals who applied for Alaska Medicaid within two years before the filing of this

lawsuit, and all future applicants, who did not or do not receive a final eligibility

determination *and* Medicaid coverage from the defendants within 30 days after submitting their Medicaid applications, or within 90 days if a disability determination was or is required. This motion is supported by the accompanying memorandum of law, Affidavit of James J. Davis, Jr., Affidavit of Jennifer Spencer, and is filed with a proposed Order.

DATED: __3/1/19__

NORTHERN JUSTICE PROJECT, LLC
Attorneys for the Plaintiffs

James J. Davis, Jr., AK Bar No. 9412140
Goriune Dudukgian, AK Bar No. 0506051

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a true and correct copy of the foregoing document was served via FIRST CLASS MAIL on:

Alaska Department of Health and Social Services
Adam Crum, Commissioner
3601 C Street, Suite 902
Anchorage, AK 99503

Division of Public Assistance
Shawnda O'brien, Director
PO Box 110640
Juneau, AK 99811-0640

Alaska Department of Law
Joanne Grace, Civil division Chief
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994

Alaska Department of Law
c/o Kevin Clarkson
PO Box 110300
Juneau, AK 9811-0300

Signature _____ Date 3/6/19

**Northern Justice Project, LLC**
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 2 of 2

Defendant's Exhibit 2 - Page 2 of 27

James J. Davis, Jr.
Goriune Dudukgian
**Northern Justice Project, LLC**
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com
Attorneys for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JENNIFER SPENCER, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services, and SHAWNDA O'BRIEN, in her official capacity as Director of the Alaska Division of Public Assistance,<br><br>     Defendants. | Case No. 3AN-19-05386 CI |

**AFFIDAVIT OF JAMES J. DAVIS, JR. IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

I, James J. Davis, Jr., after being first duly sworn, upon oath depose and state:

1.  I am one of the founding partners of the Northern Justice Project, LLC (NJP), and counsel for plaintiff Jennifer Spencer in the above-entitled action.

2.  Since NJP was founded in 2005, its primary mission has been representing low-income Alaskans in complex civil rights and consumer class action lawsuits. NJP has

AFFIDAVIT OF JAMES J. DAVIS, JR. IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 1 of 5

Defendant's Exhibit 2 - Page 3 of 27
Case 3:19-cv-00087-SLG Document 1-2 Filed 03/29/19 Page 3 of 27

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

successfully represented thousands of Alaskans in more than a dozen certified class actions. NJP has an impeccable track record in these cases. In every single one of these certified class actions – which were litigated against the biggest and best law firms in Alaska, including the Attorney General's Office – NJP obtained either a final judgment in favor of the class or a court-approved settlement agreement on terms very favorable to the class members. These cases include: *Denise Okuley, et al. v. State of Alaska, et al.*, Case No. 3AN-05-10788 CI (certified class action concerning the Interim Assistance benefits of more than 300 disabled Alaskans; final judgment entered in favor of the class in the amount of $1,081,585); *Dorothy Krone, et al. v. State of Alaska, et al.*, Case No. 3AN-05-10283 CI (certified class action concerning the Medicaid benefits of approximately 2,450 elderly and disabled Alaskans; final judgment entered granting class members injunctive relief valued by the State at approximately $8.9 million for fiscal years 2006-2007); *Annette Moore, et al. v. Weidner Investment Services Inc.*, Case No. 3AN-06-09690 CI (certified class action on behalf of more than 1,600 tenants challenging the late fee charged by Alaska's largest private landlord; settlement agreement approved by court which resulted in the creation of a settlement fund in excess of $500,000); *Karl Carl, Jr., et al. v. Wynn's Extended Care, Inc.*, Case No. 3AN-07-6398 CI (certified class action on behalf of approximately 1,800 Alaskan consumers against one of the nation's largest auto warranty distributors; settlement agreement approved by court in January 2009 in which defendant stipulated to an injunction prohibiting it from enforcing its arbitration clause against Alaskan consumers); *Heitz v. State*, 215 P.3d 302 (Alaska 2009) (holding that class of approximately 750 licensed foster parents have a due process protected property interest in their foster care subsidies); *Baker v. State*, 191 P.3d 1005 (Alaska 2008) (holding that class of approximately 1,000 Medicaid recipients were denied due process by

AFFIDAVIT OF JAMES J. DAVIS, JR. IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 2 of 5
Defendant's Exhibit 2 - Page 4 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 4 of 27

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

the State of Alaska when the State attempted to reduce their personal care assistance benefits); *Jennifer Heesch, et al. v. Cornerstone Credit Services, LLC, et al.*, Case No. 3AN-10-7825 CI (certified class action on behalf of approximately 2,100 individuals challenging the debt collection practices of one of Alaska's largest debt collectors; settlement agreement approved by court which resulted in the creation of a settlement fund of $900,000); *Michael Avery, et al. v. Weidner Investment Services, Inc.*, Case No. 3AN-09-9947 CI (certified class action on behalf of more than 7,000 tenants challenging the security deposit refunding practices of Alaska's largest private landlord; negotiated settlement agreement approved by court which resulted in the creation of a settlement fund exceeding $450,000); *Laura Mulgrew, et al. v. State of Alaska, et al.*, Case No. 3AN-10-6273 CI (certified class action on behalf of more than 1,300 licensed foster parents and adoptive parents; negotiated settlement agreement approved by court which, among other things, resulted in the creation of a settlement fund of $1,155,196.65); *Alaska General Credit Co. v. Kerry Leander Jones*, Case No. 3AN-06-11662 CI (certified class action on behalf of more than 150 consumers whose vehicles were repossessed by Alaska General Credit Co.; negotiated settlement agreement, approved by court, which resulted in the creation of a settlement fund of $540,000).

3. NJP has also obtained favorable, class-wide settlements in several putative class action lawsuits before a class was ever certified. These cases include: *Carey McAlpine v. Alaska Housing Finance Corporation*, Case No. 3AN-06-13039 CI (settlement agreement approved in April 2009 wherein AHFC agreed to revise its form notices and hearing procedures for participants of the Section 8 Housing Choice Voucher Program so as to comply with requirements of due process); *Yelka Sanchez v. Galen Hospital Alaska, Inc.*, Case No. 3AN-06-10676 CI (settlement agreement approved in January 2008 resulting in

AFFIDAVIT OF JAMES J. DAVIS, JR. IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 3 of 5

refunds issued to more than 300 uninsured patients of Alaska Regional Hospital); *Karl Carl, Jr., et al. v. Vito's Auto Sales*, Case No. 3AN-08-8642 CI (settlement agreement approved in October 2009 resulting in the creation of a settlement fund of $90,000 for 282 class members); *Kiana Putnam v. Anchorage School District*, Case No. 3AN-15-07003 CI (settlement agreement reached in November 2015 whereby the Anchorage School District revised its suspension notices so that parents are now provided with an explanation of the factual reasons for a student's suspension).

4.      NJP is devoted to committing the resources necessary to litigate this case to a similarly favorable resolution. NJP has the experience and ability to zealously and competently pursue this litigation on a class wide basis. NJP's interests are aligned with the interests of the entire class and are in no way antagonistic to individual class members.

///

///

///

> 2/1/19          JAMES J. DAVIS, JR.

SUBSCRIBED AND SWORN to before me this ___ day of February, 2019 at Anchorage, Alaska.

Notary Public, State of Alaska
My Commission Expires: 9/22/__

AFFIDAVIT OF JAMES J. DAVIS, JR. IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 4 of 5

Defendant's Exhibit 2 - Page 6 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 6 of 27

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a true
and correct copy of the foregoing document
was served via FIRST CLASS MAIL on:

Alaska Department of Health and Social Services
Adam Crum, Commissioner
3601 C Street, Suite 902
Anchorage, AK 99503

Division of Public Assistance
Shawnda O'brien, Director
PO Box 110640
Juneau, AK 99811-0640

Alaska Department of Law
 Joanne Grace, Civil division Chief
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994

Alaska Department of Law
c/o Kevin Clarkson
PO Box 110300
Juneau, AK 9811-0300

_____    _____
Signature                      Date

**Northern Justice Project, LLC**
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

AFFIDAVIT OF JAMES J. DAVIS, JR. IN SUPPORTOF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 5 of 5

James J. Davis, Jr.
Goriune Dudukgian
**Northern Justice Project, LLC**
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com
Attorneys for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | | |
|---|---|---|
| JENNIFER SPENCER, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3AN-19-05386 CI |
| ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services, and SHAWNDA O'BRIEN, in her official capacity as Director of the Alaska Division of Public Assistance, | ) ) ) ) ) ) ) | |
| | ) ) | |
| Defendants. | ) ) | |

## AFFIDAVIT OF JENNIFER SPENCER IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

I, Jennifer Spencer, after being first duly sworn, upon oath depose and state:

1.    I am a resident of Alaska.

2.    On December 21, 2018, I applied for Medicaid through the Health Insurance Marketplace on healthcare.gov.

AFFIDAVIT OF JENNIFER SPENCER IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 1 of 3

Defendant's Exhibit 2 - Page 8 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 8 of 27

**Northern Justice Project, LLC**
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

3.     My Medicaid application was not based on disability.

4.     On December 21, 2018, the Health Insurance Marketplace website informed me that, based on my monthly household income, I was eligible for Medicaid or the Children's Health Insurance Program.

5.     On December 21, 2018, the Health Insurance Marketplace website also informed me that I would receive information about how to access my benefits from the Alaska Division of Public Assistance.

6.     As of the date of this affidavit, I have not begun receiving any Medicaid benefits.

7.     As of the date of this affidavit, I have not received any notice stating the date on which my Medicaid coverage will begin.

_____
JENNIFER SPENCER

SUBSCRIBED AND SWORN to before me this ___5___ day of March, 2019 at Anchorage, Alaska.



_____
Notary Public, State of Alaska
My Commission Expires: _May 5, 2022_

AFFIDAVIT OF JENNIFER SPENCER IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 2 of 3

Defendant's Exhibit 2 - Page 9 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 9 of 27

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a true
and correct copy of the foregoing document
was served via FIRST CLASS MAIL on:

Alaska Department of Health and Social Services
Adam Crum, Commissioner
3601 C Street, Suite 902
Anchorage, AK 99503

Division of Public Assistance
Shawnda O'brien, Director
PO Box 110640
Juneau, AK 99811-0640

Alaska Department of Law
Joanne Grace, Civil division Chief
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994

Alaska Department of Law
c/o Kevin Clarkson
PO Box 110300
Juneau, AK 9811-0300

_____  3/6/19
Signature          Date

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

AFFIDAVIT OF JENNIFER SPENCER IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 3 of 3

James J. Davis, Jr.
Goriune Dudukgian
**Northern Justice Project, LLC**
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com
Attorneys for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | | |
|---|---|---|
| JENNIFER SPENCER, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3AN-19-05386 CI |
| ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services, and SHAWNDA O'BRIEN, in her official capacity as Director of the Alaska Division of Public Assistance, | ) ) ) ) ) ) ) | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |
| Defendants. | ) ) | |

## I.     PRELIMINARY STATEMENT

This lawsuit challenges the defendants' systemic and long-standing failure to provide

Medicaid coverage to eligible applicants with reasonable promptness, as required by state and

federal law. Plaintiff Jennifer Spencer seeks to represent a large class of similarly situated

Alaskans who were deprived of healthcare coverage as a result of the defendants' delays in

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 1 of 14

Defendant's Exhibit 2 - Page 11 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 11 of 27

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

processing Medicaid applications.[1] Because all of the requirements of Alaska Civil Rule 23 are satisfied, as detailed below, this Court should now certify the proposed class.

## II.   RELEVANT BACKGROUND

In Alaska, the Department of Health and Human Services ("DHSS") administers the Medicaid program.[2] The Division of Public Assistance ("DPA"), which is a division of DHSS, is responsible for accepting and processing Medicaid applications for the State.[3] By virtue of participating in the Medicaid program and accepting federal funds, the State must comply with all federal requirements of the Medicaid program.[4]

The federal Medicaid Act requires DHSS to furnish Medicaid benefits with "reasonable promptness to all eligible individuals."[5] Federal implementing regulations similarly require DHSS to make Medicaid eligibility determinations "promptly and without undue delay."[6] For anyone applying for Medicaid on the basis of a disability, DHSS must

---

[1]   The class is defined as follows: All individuals who applied for Alaska Medicaid within two years before the filing of this lawsuit, and all future applicants, who did not or do not receive a final eligibility determination *and* Medicaid coverage from the defendants within 30 days after submitting their Medicaid applications, or within 90 days if a disability determination was or is required.

[2]   AS 47.07.030.

[3]   *See generally* Alaska Aged, Disabled and Long Term Care Medicaid Eligibility Manual § 500, available at: http://dpaweb.hss.state.ak.us/manuals/adltc/adltc.htm; Alaska Family Medicaid Eligibility Manual § 5000, available at: http://dpaweb.hss.state.ak.us/manuals/fam-med/fmem.htm

[4]   *See generally Armstrong v. Exceptional Child Ctr., Inc.,* 135 U.S. 1378, 1382 (2014); *Harris v. McRae,* 488 U.S. 297, 301 (1980).

[5]   42 U.S.C. § 1396a(a)(8).

[6]   42 C.F.R. § 435.912(b).

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 2 of 14
Defendant's Exhibit 2 - Page 12 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 12 of 27

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

make an eligibility determination within 90 days.[7] For all other applicants, DHSS must make an eligibility determination within 45 days.[8]

Alaska's state law timeframes for processing Medicaid applications and providing coverage to eligible applicants are shorter than the requirements imposed by federal statutes law. Per 7 AAC 100.018(b), DHSS must mail eligible applicants a notice, within 30 days after a Medicaid application is received or 90 days if a disability determination is required, which states the date on which Medicaid coverage will begin.

DHSS **admits** that it is not currently in compliance with these timeframes, nor has it been for at least the last five years.[9] DHSS's delays in processing Medicaid applications are harming thousands of Alaskans. In February 2019, DHSS publicly admitted that it had a backlog of 15,639 Medicaid applications, including 10,200 applications filed in 2018.[10] DHSS's own data shows that in the 2018 state fiscal year, DHSS failed to timely process 19,631 initial Medicaid applications.[11] DHSS failed to timely process 33.6% of Medicaid applications in the 2014 state fiscal year, 62.2% in the 2015 state fiscal year, 57.4% in the

---

[7]    42 C.F.R. § 435.912(c)(3)(i).

[8]    42 C.F.R. § 435.912(c)(3)(ii).

[9]    Alaska Department of Health & Social Services – Division of Public Assistance, Internal Performance Measures: Year-to-Date Performance, prepared January 23, 2019. available at: http://dpaweb.hss.state.ak.us/files/reports/DPA_All_Measures_YTD.pdf, at page 2.

[10]    Elizabeth Ellis, State Wrestles with Sizeable Backlog of Medicaid Applications, Alaska Journal of Commerce, February 6, 2019. Available at: http://www.alaskajournal.com/2019-02-06/state-wrestles-sizeable-backlog-medicaid-applications#.XGoOmehKiUk

[11]    Alaska Department of Health & Social Services – Division of Public Assistance, Application Timeliness by District Office, SFY18 YTD through June 2018, prepared July 5, 2018. available at: http://dpaweb.hss.state.ak.us/files/reports/AppTimeliness_History.pdf, at page 3.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 3 of 14

Defendant's Exhibit 2 - Page 13 of 27
Case 3:19-cv-00087-SLG    Document 1-2    Filed 03/29/19    Page 13 of 27

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

2016 state fiscal year, and 48.6% in the 2017 state fiscal year.[12] No DHSS district office in Alaska is timely processing more than 66% of Medicaid applications.[13] DHSS's systemic and unlawful delays – from processing Medicaid applications to providing Medicaid benefits – have deprived and continue to deprive thousands of vulnerable Alaskans of healthcare coverage while their applications languish.

The named plaintiff, Jennifer Spencer, applied for Medicaid through the Health Insurance Marketplace on healthcare.gov on December 21, 2018.[14] Her application is not based on disability.[15] On the same date, the Health Insurance Marketplace website informed Ms. Spencer that she was eligible for Medicaid or the Children's Health Insurance Program because her income was sufficiently low.[16] The Health Insurance Marketplace website further informed her that she would receive information about how to access her benefits from the Alaska Division of Public Assistance.[17] As of the date of this motion, Ms. Spencer still has

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

---

[12]     Alaska Department of Health & Social Services – Division of Public Assistance, Internal Performance Measures: Year-to-Date Performance, prepared January 23, 2019. available at: http://dpaweb.hss.state.ak.us/files/reports/DPA_All_Measures_YTD.pdf, at page 2.

[13]     Alaska Department of Health & Social Services – Division of Public Assistance, Application Timeliness by District Office, SFY19 YTD through January 2019, prepared February 4, 2019. available at: http://dpaweb.hss.state.ak.us/files/reports/AppTimeliness.pdf, at page 3.

[14]     *See* Aff. of Jennifer Spencer in Supp. of Motion for Class Certification at ¶2.

[15]     *See id.* at ¶3.

[16]     *See id.* at ¶4.

[17]     *See id.* at ¶5.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 4 of 14
Defendant's Exhibit 2 - Page 14 of 27
Case 3:19-cv-00087-SLG    Document 1-2    Filed 03/29/19    Page 14 of 27

not begun receiving Medicaid benefits.[18] Nor has Ms. Spencer received any notice from the defendants stating the date on which her coverage will begin.[19]

## III.   ARGUMENT AND AUTHORITIES

### A.  Standards Governing Class Certification

The class action device is a procedural mechanism designed to conserve the resources of both the courts and litigants by permitting an issue potentially affecting numerous individuals to be litigated and resolved in an economical fashion. "Class action suits, in which the result for one becomes the result for many in the same legal predicament, are necessary to avoid a multiplicity of duplicative lawsuits."[20] As the leading treatise on class actions explains:

> If hundreds . . . of injuries have resulted, justice to victims may be delayed or denied if courts cling to the concept that each case must be subjected independently to discovery, trial, and appeal. The interests of justice are not furthered by the needless, time-consuming repetition of evidence and repeated litigation of issues in individual trials on a one-by-one basis which are common to the claims of all affected.[21]

In order for a lawsuit to be maintained as a class action, the class representative must first satisfy the four threshold requirements of Alaska Civil Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.[22] In addition to these prerequisites, a class action must serve certain policy interests.[23] Under Rule 23(b), a class action may be

---

[18]    *See id.* at ¶6.

[19]    *See id.* at ¶7.

[20]    *State v. Carlson*, 65 P.3d 851, 872 (Alaska 2003).

[21]    Herbert Newberg & Alba Conte, Newberg on Class Actions § 17.01 (3d ed. 1992).

[22]    *See also State v. Andrade*, 23 P.3d 58, 67 (Alaska 2001).

[23]    *See International Seafoods of Alaska, Inc. v. Bissonette*, 146 P.3d 561, 567 (Alaska

MEMORANDUM OF LAW IN SUPPORT OF  MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 5 of 14

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634  •  Fax: (866) 813-8645

certified only if (1) it alleviates the risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; (2) the party opposing the class has acted or refuses to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) common legal or factual questions predominate, making a class action a superior method for the fair and efficient adjudication of the controversy.

Alaska's state courts have routinely certified classes of public benefit applicants and recipients who sought to challenge the State's policies or practices concerning the administration of benefits. This has included challenges to Interim Assistance denials,[24] the recoupment of foster care maintenance payments,[25] and multiple Medicaid issues.[26]

Federal courts, whose decisions are "especially persuasive" in interpreting Alaska Civil Rule 23,[27] also routinely certify classes of public benefit recipients and applicants.[28]

---

2006).

[24]  *State, Dep't of Health & Soc. Servs. v. Okuley*, 214 P.3d 247, 250 (Alaska 2009) (lower court certified two different classes of people challenging denials of Interim Assistance benefits by the State of Alaska).

[25]  *Heitz v. State*, 215 P.3d 302, 304 (Alaska 2009) (lower court certified a class of foster parents challenging the recoupment of foster care payments by the State of Alaska).

[26]  *Krone v. State*, 222 P.3d 250 (Alaska 2009) (class of Medicaid recipients was certified in lower court decision); *Baker v. State* 191 P.3d 1005 (Alaska 2008) (same).

[27]  *Bartek v. State*, 31 P.3d 100, 102 (Alaska 2001) (citing *Nolan v. Sea Airmotive, Inc.*, 627 P.2d 1035, 1041 (Alaska 1981)); *see also Shook v. Alyeska Pipeline Serv. Co.*, 51 P.3d 935, 937 n.12 (Alaska 2002).

[28]  *See e.g., Robidoux v. Celani*, 987 F.2d 931, 933, 937 (2d Cir. 1993) (concluding district court should have certified class of persons in Vermont who suffered delays concerning applications for food stamps and public assistance); *Banks v. Trainor*, 525 F.2d 837 (3d Cir. 1975) (certifying class of Food Stamp recipients); *Like v. Carter*, 448 F.2d 798,

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 6 of 14

Defendant's Exhibit 2 - Page 16 of 27
Case 3:19-cv-00087-SLG  Document 1-2  Filed 03/29/19  Page 16 of 27

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

This includes certifications in very similar statewide cases concerning delays in Medicaid eligibility determinations and delays in the provision of Medicaid coverage.[29]

## B. The Proposed Class Meets the Threshold Certification Requirements of Alaska Civil Rule 23(a).

### 1. Numerosity

The numerosity requirement under Rule 23(a)(1) is satisfied when "the class is so numerous that joinder of all of its members is impracticable." While there is "no magic number" that satisfies numerosity, the Alaska Supreme Court has held that a class of more than 40 members presumptively meets the requirement.[30] Even where the exact size of the class is unknown, the numerosity requirement is satisfied if "general knowledge and common sense indicate that it is large."[31]

---

802 (8th Cir. 1971) (holding district court abused discretion in refusing to certify class of public assistance applicants); *Briggs v. Bremby,* 2013 U.S. Dist. LEXIS 67571 (D. Conn. May 13, 2013) (certifying class of Connecticut residents whose Food Stamp applications were not timely processed); *Van Febus v. Gallant,* 866 F. Supp. 45, 46 (D. Mass. 1994) (certifying class of benefit recipients, including food stamp recipients, sent a certain unlawful notice); *Estey v. Comm'r, Maine Dept. of Human Servs.,* 814 F. Supp. 152, 154 (D. Me. 1993) (noting court had certified class of Food Stamp applicants), reversed on other grounds, *Estey v. Comm'r, Me. Dep't of Human Servs.,* 21 F.3d 1198 (1st Cir. 1994); *Robertson v. Jackson,* 766 F. Supp. 470 (E.D. Va. 1991) (noting court had certified class of eligible Food Stamp applicants to address the timely operation of the Food Stamp program in Virginia); aff'd 972 F.2d 529 (4th Cir. 1992); *Ortiz v. Eichler,* 616 F. Supp. 1046 (D. Del. 1985), aff'd 794 F.2d 889 (3d Cir. 1986) (certifying class of applicants and recipients of Food Stamp, Medicaid, and cash public assistance).

[29]     *Wilson v. Gordon,* 2014 U.S. Dist. Lexis 122004 (M.D. Tenn. Sept 2, 2014); *see also Koss v. Norwood,* 305 F. Supp. 3d 897, 917 (N.D. Ill. 2018).

[30]     *Int'l Seafoods,* 146 P.3d at 567 (citing *Cox v. Am. Case Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir. 1986)).

[31]     *Allen v. Similasan Corp.,* 306 F.R.D. 635, 644 (S.D. Cal. 2015); *see also Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473 (2d Cir. 1995) ("Courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement.").

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 7 of 14
Defendant's Exhibit 2 - Page 17 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 17 of 27

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

This case *easily* satisfies the numerosity requirement. The State's own data shows that there was a backlog of more than 15,000 Medicaid applicants as of February 2019 whose applications for Medicaid benefits were not even processed by the defendants in a timely fashion.[32] Beyond scale, the aggrieved class is also geographically diffuse, which the Alaska Supreme Court has recognized can make joinder impracticable.[33] Here, DHSS's data shows that its processing failures pervade every DPA district office in the state.[34] No single DPA district office in Alaska – from Bethel to Kenai, and from Mat-Su to Nome – is timely processing greater than 66% of Medicaid initial applications.[35] And many branches are failing to timely process more than half of all initial applications.[36]

Beyond scale and geography, class members also face difficulties in accessing the legal system, which courts have held makes joinder impracticable.[37] Here, by virtue of applying for Medicaid, class members will necessarily include "families with dependent children and of aged, blind, or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services."[38] Such individuals are highly

---

[32]   *See supra* n.10

[33]   *See Int'l Seafoods*, 146 P.3d at 567.

[34]   Alaska Department of Health & Social Services – Division of Public Assistance, Application Timeliness by District Office, SFY19 YTD through January 2019, prepared February 4, 2019. available at: http://dpaweb.hss.state.ak.us/files/reports/AppTimeliness.pdf, at page 3.

[35]   *See id.*

[36]   *See id.*

[37]   *See Robidoux*, 987 F.2d at 936 (recognizing the difficulty posed by pursuing a lawsuit and retaining counsel for low income individuals); *McDonald v. Heckler*, 612 F. Supp. 293, 300 (D. Mass. 1985) (court held it was impracticable for low-income persons with disabilities to bring individual lawsuits).

[38]   *See* 42 U.S.C. § 1396-1.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 8 of 14

unlikely to bring individual lawsuits against the defendants, who are backed by the resources of the State of Alaska.

## 2. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." The commonality requirement is satisfied if the claims at issue in the lawsuit depend on a "common contention . . . of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[39] "What matters to class certification . . . is not the raising of common 'questions' — even in droves — but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation."[40]

Of course, the claims of each individual need not be identical,[41] and factual disparities between class members do not defeat commonality.[42] To the contrary, commonality "is assumed where the plaintiff seeks declaratory relief as opposed to individual relief."[43] Commonality is also inherent in any lawsuit, such as the present one, challenging the systemic violations of the law by a public agency.[44]

---

[39] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Int'l Seafoods*, 146 P.3d at 567 (holding that "commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.").

[40] *Wal-Mart Stores*, 564 U.S. at 350 (citation omitted).

[41] *Johnson v. Nextel Communications*, 780 F.3d 128, 137–38 (2d Cir. 2015).

[42] *Reynolds v. Giuliani*, 118 F. Supp. 2d 353, 389–90 (S.D.N.Y. 2000).

[43] *Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 205 (2005).

[44] *See, e.g., Califano v. Yamaski*, 442 U.S. 682, 701 (1979) (involving challenge to method of distribution for Social Security Disability benefits); *Marcus v. Heckler*, 620 F.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 9 of 14
Defendant's Exhibit 2 - Page 19 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 19 of 27

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

Here, common factual and legal questions abound, which can be resolved by this Court "in one stroke." These include whether the defendants are failing to process Medicaid applications within applicable time limits, whether the defendants are providing Medicaid coverage to eligible applicants with "reasonable promptness" after receiving their complete applications, and whether the defendants have adequate policies and procedures in place to ensure that Medicaid benefits are timely provided to eligible applicants. All members of the proposed class have applied, or will apply for Medicaid benefits in Alaska. All class members have been or will be subject to the same delays in application processing and the provision of benefits. Finally, the harms suffered by the class members will also be the same, including the delay in receiving healthcare coverage. All of these issues arise and stem from the very same course of factual events: the defendants' failures to timely process Medicaid applications and provide benefits. Thus, the commonality requirement is met.

### 3. Typicality

The typicality requirement under Rule 23(a)(3) is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class."[45] The requirement is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's

---

Supp. 1218, 1223 (N.D. Ill. 1985) (involving challenge to evaluation process for federal SSI program); *Hodecker v. Blum*, 525 F. Supp. 867, 870 (N.D.N.Y. 1981) (challenging computation method for Medicaid assistance); *Massachusetts Ass'n of Older Americans v. Spirito*, 92 F.R.D. 129, 131 (D. Mass. 1981) (challenging delays in processing Medicaid applications and automatic termination of Medicaid benefits).

[45]     Alaska R. Civ. P. 23(a)(3); *see also International Seafoods of Alaska, Inc. v. Bissonette*, 146 P.3d 561 (Alaska 2006).

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 10 of 14

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

liability."[46] The standard for typicality is "permissive" and the requirement is met if the plaintiff's claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical."[47] In short, typicality is satisfied if the named plaintiff's claim "stems from the same event, practice, or course of conduct that forms the basis of the class claims and is based upon the same legal or remedial theory."[48]

The typicality requirement ensures that the "maintenance of a class action is so economical and [that] the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."[49] However, as with commonality, typicality does not require the representative party's claims to be identical to those of all class members, especially in actions challenging governmental practices.[50]

Here, the named plaintiff, Ms. Spencer, applied for Medicaid, and was even determined eligible, yet the defendants failed to provide her with Medicaid coverage with

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fox: (866) 813-8645

---

[46]   *International Seafoods of Alaska*, 146 P.3d at 567 (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)).

[47]   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

[48]   *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1321 (9th Cir. 1982).

[49]   *See Marisol A.*, 126 F.3d at 376 (internal citation omitted) (finding that plaintiff's claims challenging different aspects of child welfare system, when aggregated, did not violate typicality).

[50]   James Wm. Moore et al., *Moore's Federal Practice*, §23.23[8][g] (3d ed. 1997) ("If all class members are subject to the same governmental practice, minor factual differences between the claims of the class representative and the other class members do not defeat typicality.") (citations omitted); *see also Robidoux*, 987 F.2d at 937; *Cortigiano*, 227 F.R.D. at 206 ("[S]light variations in how defendants treated different plaintiffs . . . [do] not render the claims atypical").

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*

Page 11 of 14
Defendant's Exhibit 2 - Page 21 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 21 of 27

reasonable promptness.[51] Ms. Spencer's harms and claims are the same as those of the proposed class members. Furthermore, those harms and claims stem from the same common source, i.e., the defendants' admitted backlog of Medicaid applications. Both Ms. Spencer and the class members have suffered the same illegal delays when seeking essential healthcare benefits. As such, the typicality requirement is satisfied.

### 4. Adequacy of Representation

Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."[52] "For representation to be adequate, the plaintiff's attorney must be qualified, and there must be no conflict of interest between the named plaintiff and the other members of the class."[53] The defendants have the burden to demonstrate that the representation is inadequate.[54]

Here, there are no conflicts of interest between Ms. Spencer and the putative class members as to the desired outcome, the proof necessary to succeed on the merits, or the relief sought. Ms. Spencer has suffered from the same harms as the class members. In turn, Ms. Spencer and the class members all collectively seek the same declaratory and injunctive relief: for the defendants to remedy their ongoing failures to comply with the law as to the processing of Medicaid applications and providing benefits with reasonable promptness. Such a remedy would ensure that the defendants uniformly cure harms as to the class as a whole.[55]

---

[51]    *See* Aff. of Jennifer Spencer in Supp. of Motion for Class Certification.

[52]    Alaska R. Civ. P. 23(a)(4); *see also State v. Alex*, 646 P.2d 203 (Alaska 1982).

[53]    *Int'l Seafoods*, 146 P.3d at 567 (citing *Marisol A.*, 126 F.3d at 378).

[54]    *See, e.g., Johns v. Rozet*, 141 F.R.D. 211, 217 (D.D.C. 1992).

[55]    *Cf. Alex*, 646 P.2d at 214-15 (holding that there are no inherent conflicts among class members in a suit challenging the constitutionality of a statute).

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 12 of 14

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

The class is also represented by qualified attorneys. Ms. Spencer and the proposed class are represented by the Northern Justice Project, LLC, whose attorneys are experienced in class action and public benefits litigation, and will adequately represent the class.[56]

### C. The Proposed Class Meets the Further Requirements of Rule 23(b)(2).

After meeting the prerequisites of Civil Rule 23(a), the class must also meet the requirements for one of the three possible types of class actions set forth in Rule 23(b). Here, the class meets the requirements of Rule 23(b)(2) because the defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Indeed, Rule 23(b)(2) class actions are especially appropriate where, as here, a plaintiff class seeks declaratory and injunctive relief from unlawful policies and practices in government benefit programs.[57]

### IV.  CONCLUSION

For the foregoing reasons, the plaintiff respectfully requests that this Court certify the proposed class, pursuant to Alaska Civil Rule 23.

DATED this ___ day of February, 2019 at Anchorage, Alaska.

---

[56]  *See* Aff. of James J. Davis, Jr. in Supp. of Motion for Class Certification.

[57]  *See, e.g., Ortiz v. Eichler*, 616 F. Supp. 1046, 1058-59 (D. Del. 1985) (challenge to state practices in government benefit programs satisfied 23(b)(2)); *Tugg v. Towney,* 864 F. Supp. 1201, 1204 (S.D. Fla. 1994) (failure to provide mental health counseling services to deaf clients by therapists fluent in sign language); *see generally* 7A Wright, Miller & Kane, Fed. Prac. & Proc. Civil 2d. § 1775 at 484-492 (1986 and Supp. 2003)("Rule 23(b)(2) has been used extensively to challenge the enforcement and application of complex statutory schemes, such as suits questioning the method of distributing benefits under the Social Security Act, actions on behalf of person seeking benefits under the Food Stamp Program, and suits testing the eligibility criteria for persons receiving Aid to Families with Dependent Children.").

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 13 of 14
Defendant's Exhibit 2 - Page 23 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 23 of 27

NORTHERN JUSTICE PROJECT, LLC
Attorneys for the Plaintiffs

_____

James J. Davis, Jr., AK Bar No. 9412140
Goriune Dudukgian, AK Bar No. 0506051

**CERTIFICATE OF SERVICE**
I hereby certify that on this date a true
and correct copy of the foregoing document
was served via FIRST CLASS MAIL on:

Alaska Department of Health and Social Services
Adam Crum, Commissioner
3601 C Street, Suite 902
Anchorage, AK 99503

Division of Public Assistance
Shawnda O'brien, Director
PO Box 110640
Juneau, AK 99811-0640

Alaska Department of Law
Joanne Grace, Civil division Chief
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994

Alaska Department of Law
c/o Kevin Clarkson
PO Box 110300
Juneau, AK 9811-0300

Signature                Date 3/6/19

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
_Jennifer Spencer, et al. v. Adam Crum, et al._
Page 14 of 14                Defendant's Exhibit 2 - Page 24 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 24 of 27

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

James J. Davis, Jr.
Goriune Dudukgian
**Northern Justice Project, LLC**
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com
Attorneys for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | | |
|---|---|---|
| JENNIFER SPENCER, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3AN-19-05386 CI |
| ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services, and SHAWNDA O'BRIEN, in her official capacity as Director of the Alaska Division of Public Assistance, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

*(left margin, vertical text)* Northern Justice Project, LLC · A Private Civil Rights Firm · 310 K Street, Suite 200 · Anchorage, AK 99501 · Phone: (907) 264-6634 • Fax: (866) 813-8645

## ORDER RE: MOTION FOR CLASS CERTIFICATION

Plaintiff Jennifer Spencer has moved this Court for certification of the above-entitled

case as a class action. Plaintiff seeks to represent a class comprised of: all individuals who

applied for Alaska Medicaid within two years before the filing of this lawsuit, and all future

applicants, who did not or do not receive a final eligibility determination *and* Medicaid

ORDER RE: MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 1 of 3
Defendant's Exhibit 2 - Page 25 of 27
Case 3:19-cv-00087-SLG   Document 1-2   Filed 03/29/19   Page 25 of 27

coverage from the defendants within 30 days after submitting their Medicaid applications, or within 90 days if a disability determination was or is required.

This Court, being fully advised in the premises, hereby FINDS that plaintiff has satisfied all of the requirements for class certification under Alaska Civil Rule 23(a) and (b)(2). Therefore, plaintiff's motion for class certification is GRANTED.

ENTERED this _____ day of _____, 2019 at Anchorage, Alaska.

_____
Superior Court Judge

**Northern Justice Project, LLC**
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

ORDER RE: MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 2 of 3

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a true
and correct copy of the foregoing document
was served via FIRST CLASS MAIL on:

Alaska Department of Health and Social Services
Adam Crum, Commissioner
3601 C Street, Suite 902
Anchorage, AK 99503

Division of Public Assistance
Shawnda O'brien, Director
PO Box 110640
Juneau, AK 99811-0640

Alaska Department of Law
Joanne Grace, Civil division Chief
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994

Alaska Department of Law
c/o Kevin Clarkson
PO Box 110300
Juneau, AK 9811-0300

_____   3/6/19
Signature                 Date

**Northern Justice Project, LLC**
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

ORDER RE: MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Page 3 of 3