Goriune Dudukgian, AK Bar No. 0506051
James J. Davis, Jr., AK Bar No. 9412140
**NORTHERN JUSTICE PROJECT, LLC**
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JENNIFER SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services, and SHAWNDA O'BRIEN, in her official capacity as Director of the Alaska Division of Public Assistance,<br><br>Defendants. | Case No. 3:19-cv-00087-SLG |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

**I.      PRELIMINARY STATEMENT**

This lawsuit challenges the defendants' systemic and long-standing failure to provide Medicaid coverage to eligible applicants with reasonable promptness, as required by federal and law. Plaintiff Jennifer Spencer seeks to represent a large class of similarly

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 1 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 1 of 16

situated Alaskans who were deprived of healthcare coverage as a result of the defendants' delays in processing Medicaid applications.[1] Because all of the requirements of Federal Rule of Civil Procedure 23(a) and (b)(2) are satisfied, as shown below, this Court should now certify the proposed class. This Court should also appoint Goriune Dudukgian and James J. Davis, Jr. of the Northern Justice Project, LLC as class counsel in accordance with Rule 23(g).

## II. RELEVANT BACKGROUND

In Alaska, the Department of Health and Human Services ("DHSS") administers the Medicaid program.[2] The Division of Public Assistance ("DPA"), which is an agency within DHSS, is responsible for accepting and processing Medicaid applications for the State.[3] By virtue of participating in the Medicaid program and accepting federal funds, the State must comply with all federal requirements of the Medicaid program,[4] including the mandatory federal timeframes for processing applications and providing benefits to

---

[1] The class is defined as: All individuals who applied for Alaska Medicaid within two years before the filing of this lawsuit, and all future applicants, who did not or do not receive a final eligibility determination *and* Medicaid coverage from the defendants within 30 days after submitting their Medicaid applications, or within 90 days if a disability determination was or is required.

[2] AS 47.07.030.

[3] *See generally* Alaska Aged, Disabled and Long Term Care Medicaid Eligibility Manual § 500, available at: http://dpaweb.hss.state.ak.us/manuals/adltc/adltc.htm (last visited March 30, 2019); Alaska Family Medicaid Eligibility Manual § 5000, available at: http://dpaweb.hss.state.ak.us/manuals/fam-med/fmem.htm (last visited March 30, 2019).

[4] *See generally Armstrong v. Exceptional Child Ctr., Inc.*, 135 U.S. 1378, 1382 (2014); Harris v. McRae, 488 U.S. 297, 301 (1980).

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 2 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 2 of 16

eligible applicants.

The Medicaid Act requires DHSS to furnish Medicaid benefits with "reasonable promptness to all eligible individuals."[5] Federal implementing regulations similarly require DHSS to make Medicaid eligibility determinations "promptly and without undue delay."[6] For anyone applying for Medicaid on the basis of a disability, DHSS must make an eligibility determination within 90 days.[7] For all other applicants, DHSS must determine eligibility within 45 days.[8]

Alaska's state law timeframes for processing Medicaid applications and providing coverage to eligible applicants are shorter than the requirements imposed by federal law. Per 7 AAC 100.018(b), DHSS must mail eligible applicants a notice, within 30 days after a Medicaid application is received, or 90 days if a disability determination is required, which states the date on which Medicaid coverage will begin.

DHSS **admits** that it is not currently in compliance with these timeframes, nor has it been for at least the last five years.[9] DHSS's delays in processing Medicaid applications

---

[5] 42 U.S.C. § 1396a(a)(8).

[6] 42 C.F.R. § 435.912(b).

[7] 42 C.F.R. § 435.912(c)(3)(i).

[8] 42 C.F.R. § 435.912(c)(3)(ii).

[9] Alaska Department of Health & Social Services – Division of Public Assistance, Internal Performance Measures: Year-to-Date Performance, prepared January 23, 2019. available at: http://dpaweb.hss.state.ak.us/files/reports/DPA_All_Measures_YTD.pdf (last visited March 30, 2019), at page 2.

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 3 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 3 of 16

are harming thousands of Alaskans in need of health care coverage. In February 2019, DHSS publicly admitted that it had a backlog of 15,639 Medicaid applications, including 10,200 applications that were filed in 2018.[10] DHSS's own data shows that in the 2018 state fiscal year, DHSS failed to timely process 19,631 initial Medicaid applications.[11] Likewise, DHSS failed to timely process 33.6% of Medicaid applications in the 2014 state fiscal year, 62.2% in the 2015 state fiscal year, 57.4% in the 2016 state fiscal year, and 48.6% in the 2017 state fiscal year.[12] No DHSS district office in Alaska is timely processing more than 66% of Medicaid applications.[13] DHSS's systemic and unlawful delays – from processing Medicaid applications to providing Medicaid benefits – have deprived and continue to deprive thousands of vulnerable Alaskans of healthcare coverage while their applications languish.

---

[10] Elizabeth Ellis, State Wrestles with Sizeable Backlog of Medicaid Applications, Alaska Journal of Commerce, February 6, 2019. available at: http://www.alaskajournal.com/2019-02-06/state-wrestles-sizeable-backlog-medicaid-applications#.XGoOmehKiUk (last visited March 30, 2019).

[11] Alaska Department of Health & Social Services – Division of Public Assistance, Application Timeliness by District Office, SFY18 YTD through June 2018, prepared July 5, 2018, available at: http://dpaweb.hss.state.ak.us/files/reports/AppTimeliness_History.pdf (last visited March 30, 2019), at page 3.

[12] Alaska Department of Health & Social Services – Division of Public Assistance, Internal Performance Measures: Year-to-Date Performance, prepared January 23, 2019, available at: http://dpaweb.hss.state.ak.us/files/reports/DPA_All_Measures_YTD.pdf (last visited March 30, 2019), at page 2.

[13] Alaska Department of Health & Social Services – Division of Public Assistance, Application Timeliness by District Office, SFY19 YTD through January 2019, prepared February 4, 2019, available at: http://dpaweb.hss.state.ak.us/files/reports/AppTimeliness.pdf (last visited March 30, 2019), at page 3.

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 4 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 4 of 16

The named plaintiff, Jennifer Spencer, applied for Medicaid through the Health Insurance Marketplace on healthcare.gov on December 21, 2018.[14] Her application was **not** based on disability.[15] On the same date, the Health Insurance Marketplace website informed Ms. Spencer that she was eligible for Medicaid or the Children's Health Insurance Program because her income was sufficiently low.[16] The Health Insurance Marketplace website further informed Ms. Spencer that she would receive additional information about how to access her benefits from the Alaska Division of Public Assistance.[17] As of March 5, 2019, Ms. Spencer had not begun receiving Medicaid benefits.[18] Nor had Ms. Spencer received any notice from the defendants stating the date on which her coverage would begin.[19]

### III. ARGUMENT AND AUTHORITIES

#### A. Standards Governing Class Certification

The class action device is a procedural mechanism designed to conserve the resources of both the courts and litigants by permitting an issue potentially affecting numerous individuals to be litigated and resolved in an economical fashion. "Class action

---

[14] *See Affidavit of Jennifer Spencer in Support of Motion for Class Certification*, filed and served herewith, at ¶2.

[15] *See id.* at ¶3.

[16] *See id.* at ¶4.

[17] *See id.* at ¶5.

[18] *See id.* at ¶6.

[19] *See id.* at ¶7.

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 5 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 5 of 16

suits, in which the result for one becomes the result for many in the same legal predicament, are necessary to avoid a multiplicity of duplicative lawsuits."[20] As the leading treatise on class actions explains:

> If hundreds . . . of injuries have resulted, justice to victims may be delayed or denied if courts cling to the concept that each case must be subjected independently to discovery, trial, and appeal. The interests of justice are not furthered by the needless, time-consuming repetition of evidence and repeated litigation of issues in individual trials on a one-by-one basis which are common to the claims of all affected.[21]

In order for a lawsuit to be maintained as a class action, the class representative must first satisfy the four threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.[22] In addition to these prerequisites, a class action must serve certain policy interests.[23] Under Rule 23(b), a class action may only be certified if (1) it alleviates the risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class or would, as a practical matter, be dispositive of or substantially impair the interests of the non-party class members; (2) the party opposing the class has acted or refuses to act on grounds generally applicable to the class, thereby

---

[20] *State v. Carlson*, 65 P.3d 851, 872 (Alaska 2003).

[21] Herbert Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS § 17.01 (3d ed. 1992).

[22] Fed. R. Civ. P. 23(a).

[23] *See, e.g., International Seafoods of Alaska, Inc. v. Bissonette*, 146 P.3d 561, 567 (Alaska 2006).

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 6 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 6 of 16

making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) common legal or factual questions predominate, making a class action a superior method for the fair and efficient adjudication of the controversy.[24]

Alaska's state courts have routinely certified classes of public benefit applicants and recipients who sought to challenge the State's policies or practices concerning the administration of benefits. This has included challenges to Interim Assistance denials,[25] the recoupment of foster care maintenance payments,[26] and multiple Medicaid issues.[27]

Federal courts also routinely certify classes of public benefit recipients and applicants.[28] This includes certifications in very similar statewide cases concerning delays

---

[24] Fed. R. Civ. P. 23(b).

[25] *State, Dep't of Health & Soc. Servs. v. Okuley,* 214 P.3d 247, 250 (Alaska 2009) (lower court certified two different classes of people challenging denials of Interim Assistance benefits by the State of Alaska).

[26] *Heitz v. State*, 215 P.3d 302, 304 (Alaska 2009) (lower court certified a class of foster parents challenging the recoupment of foster care payments by the State of Alaska).

[27] *Krone v. State*, 222 P.3d 250 (Alaska 2009) (class of Medicaid recipients was certified in lower court decision); *Baker v. State* 191 P.3d 1005 (Alaska 2008) (same).

[28] *See e.g., Robidoux v. Celani*, 987 F.2d 931, 933, 937 (2d Cir. 1993) (concluding district court should have certified class of persons in Vermont who suffered delays concerning applications for food stamps and public assistance); *Banks v. Trainor,* 525 F.2d 837 (3d Cir. 1975) (certifying class of Food Stamp recipients); *Like v. Carter*, 448 F.2d 798, 802 (8th Cir. 1971) (holding district court abused discretion in refusing to certify class of public assistance applicants); *Briggs v. Bremby,* Case No. 3:12cv324(VLB), 2013 U.S. Dist. LEXIS 67571 (D. Conn. May 13, 2013) (certifying class of Connecticut residents whose Food Stamp applications were not timely processed); *Van Febus v. Gallant*, 866 F. Supp. 45, 46 (D. Mass. 1994) (certifying class of benefit recipients, including food stamp recipients, sent a certain unlawful notice); *Estey v. Comm'r, Maine Dept. of Human Servs.*, 814 F. Supp. 152, 154 (D. Me. 1993) (noting court had certified class of Food Stamp applicants), reversed on other grounds, *Estey v. Comm'r, Me. Dep't of Human Servs.*, 21 F.3d 1198 (1st Cir. 1994); *Robertson v. Jackson*, 766 F. Supp. 470 (E.D. Va. 1991) (noting court had certified class of eligible Food Stamp applicants to address the timely operation of the Food Stamp program in Virginia); aff'd 972 F.2d 529 (4th

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 7 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 7 of 16

in Medicaid eligibility determinations and delays in the provision of Medicaid coverage.[29]

### B. The Proposed Class Meets the Threshold Certification Requirements of Rule 23(a).

#### 1. Numerosity

The numerosity requirement under Rule 23(a)(1) is satisfied when "the class is so numerous that joinder of all of its members is impracticable."[30] While there is "no magic number" that satisfies numerosity, it is "generally accepted that 'the numerosity factor is satisfied if the class comprises 40 or more members and . . . not satisfied when the class comprises 21 or fewer.'"[31] Even if the exact size of the class is unknown, the numerosity requirement is satisfied if "general knowledge and common sense indicate that it is large."[32]

This case *easily* satisfies the numerosity requirement. The State's own data shows that there are *thousands* of individuals in the proposed class who did not receive Medicaid

---

Cir. 1992); *Ortiz v. Eichler*, 616 F. Supp. 1046 (D. Del. 1985), aff'd 794 F.2d 889 (3d Cir. 1986) (certifying class of applicants and recipients of Food Stamp, Medicaid, and cash public assistance).

[29] *Wilson v. Gordon,* Case No. 3-14-1492, 2014 U.S. Dist. Lexis 122004 (M.D. Tenn. Sept 2, 2014); *see also Koss v. Norwood,* 305 F. Supp. 3d 897, 917 (N.D. Ill. 2018).

[30] Fed. R. Civ. P. 23(a)(1).

[31] *Richey v. Matanuska-Susitna Borough*, Case No. 3:14-cv-00170-JWS, 2015 U.S. Dist. LEXIS 45166, at *10 (D. Alaska April 7, 2015) (quoting *Californians for Disability Rights, Inc. v. California Dep't of Transp.*, 249 F.R.D. 334, 346 (N.D. Cal. 2008)); *see also Int'l Seafoods*, 146 P.3d at 567 (citing *Cox v. Am. Case Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir. 1986)).

[32] *Allen v. Similasan Corp.*, 306 F.R.D. 635, 644 (S.D. Cal. 2015); *see also Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473 (2d Cir. 1995) ("Courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement.").

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 8 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 8 of 16

benefits from the defendants within the timeframes required by state and federal law.[33] It can hardly be questioned that the joinder of all such individuals would be highly impracticable, if not literally impossible: "When class size reaches substantial proportions . . . the impracticability requirement is usually satisfied by the numbers alone."[34]

Beyond scale, the aggrieved class is also geographically dispersed throughout Alaska, which also makes joinder impracticable.[35] DHSS's data shows that its processing failures pervade every DPA district office in the state.[36] In fact, no single DPA district office in Alaska – from Bethel to Kenai, and from Mat-Su to Nome – is timely processing greater than 66% of initial Medicaid applications.[37] Many branches are failing to timely process more than half of the initial applications received.[38]

Beyond scale and geography, class members also face difficulties in accessing the

---

[33] *See supra* nn. 10-13.

[34] *Richey*, 2015 U.S. Dist. LEXIS 45166, at *10 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)).

[35] *See, e.g., Alaska v. Suburban Propane Gas Corp.*, Case No. A93-291 (JWS), 1995 U.S. Dist. LEXIS 18991, at * 15 (D. Alaska Jan. 12, 1995) (noting that the "geographical location of the class members" is relevant to the question of numerosity); *see also Int'l Seafoods*, 146 P.3d at 567.

[36] Alaska Department of Health & Social Services – Division of Public Assistance, Application Timeliness by District Office, SFY19 YTD through January 2019, prepared February 4, 2019. available at: http://dpaweb.hss.state.ak.us/files/reports/AppTimeliness.pdf (last visited March 30, 2019), at page 3.

[37] *See id.*

[38] *See id.*

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 9 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 9 of 16

legal system, which courts have held makes joinder impracticable.[39] Here, by virtue of applying for Medicaid, class members will necessarily include "families with dependent children and of aged, blind, or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services."[40] Such individuals are highly unlikely to bring individual lawsuits against the defendants, who are backed by the resources of the State of Alaska.

### 2. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class."[41] The commonality requirement is satisfied if the claims at issue in the lawsuit depend on a "common contention . . . of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[42] "What matters to class certification . . . is not the raising of common 'questions' — even in droves — but, rather the capacity of a classwide proceeding to generate common answers apt to drive

---

[39] *See Robidoux,* 987 F.2d at 936 (recognizing the difficulty posed by pursuing a lawsuit and retaining counsel for low income individuals); *McDonald v. Heckler*, 612 F. Supp. 293, 300 (D. Mass. 1985) (court held it was impracticable for low-income persons with disabilities to bring individual lawsuits).

[40] *See* 42 U.S.C. § 1396-1.

[41] Fed. R. Civ. P. 23(a)(2).

[42] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 10 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 10 of 16

the resolution of the litigation."[43]

Of course, the claims of each individual need not be perfectly identical,[44] and factual disparities between class members do not defeat commonality.[45] To the contrary, commonality "is assumed where the plaintiff seeks declaratory relief as opposed to individual relief."[46] Commonality is also inherent in any lawsuit, such as the present one, challenging the systemic violations of the law by a public agency.[47]

Here, common factual and legal questions abound, which can be resolved by this Court "in one stroke." These include whether the defendants are failing to process Medicaid applications within applicable time limits, whether the defendants are providing Medicaid coverage to eligible applicants with "reasonable promptness" after receiving their complete applications, and whether the defendants have adequate policies and procedures in place to ensure that Medicaid benefits are timely provided to eligible applicants. All members of the proposed class have applied, or will apply, for Medicaid

---

[43] *Id.* (citation omitted).

[44] *Johnson v. Nextel Communications*, 780 F.3d 128, 137–38 (2d Cir. 2015).

[45] *Reynolds v. Giuliani,* 118 F. Supp. 2d 353, 389–90 (S.D.N.Y. 2000).

[46] *Cortigiano v. Oceanview Manor Home for Adults,* 227 F.R.D. 194, 205 (2005).

[47] *See, e.g., Califano v. Yamaski*, 442 U.S. 682, 701 (1979) (involving challenge to method of distribution for Social Security Disability benefits)**;** *Marcus v. Heckler*, 620 F. Supp. 1218, 1223 (N.D. Ill. 1985) (involving challenge to evaluation process for federal SSI program); *Hodecker v. Blum*, 525 F. Supp. 867, 870 (N.D.N.Y. 1981) (challenging computation method for Medicaid assistance); *Massachusetts Ass'n of Older Americans v. Spirito*, 92 F.R.D. 129, 131 (D. Mass. 1981) (challenging delays in processing Medicaid applications and automatic termination of Medicaid benefits).

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 11 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 11 of 16

benefits in Alaska. All class members have been or will be subject to the same delays in application processing and the provision of benefits. Finally, the harms suffered by the class members will also be the same, including the delay in receiving necessary healthcare coverage. All of these issues arise from the very same course of factual events: the defendants' failures to timely process Medicaid applications and provide benefits. This Court should therefore conclude that the commonality requirement is met.

### 3. Typicality

The typicality requirement under Rule 23(a)(3) is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class."[48] "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."[49] The standard for typicality is "permissive" and the requirement is met if the plaintiff's claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical."[50] In short, typicality is satisfied if the named plaintiff's claim "stems from the same event, practice, or course of conduct that forms the basis of the

---

[48] Fed. R. Civ. P. 23(a)(3).

[49] *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

[50] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 12 of 16

class claims and is based upon the same legal or remedial theory."[51]

The typicality requirement ensures that the "maintenance of a class action is so economical and [that] the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."[52] However, as with commonality, typicality does not require the representative party's claims to be identical to those of all class members, especially in actions challenging governmental practices.[53]

Here, the named plaintiff, Ms. Spencer, applied for Medicaid, and was even determined to be financially eligible, yet the defendants failed to provide her with Medicaid coverage with reasonable promptness.[54] Ms. Spencer's claims and injuries are the same as those of the proposed class members. Furthermore, those claims and injuries stem from the same common source, i.e., the defendants' admitted backlog of Medicaid applications. Both Ms. Spencer and the class members have suffered the same illegal

---

[51] *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1321 (9th Cir. 1982).

[52] *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (citation omitted).

[53] James Wm. Moore et al., *Moore's Federal Practice*, §23.23[8][g] (3d ed. 1997) ("If all class members are subject to the same governmental practice, minor factual differences between the claims of the class representative and the other class members do not defeat typicality.") (citations omitted); *see also Robidoux*, 987 F.2d at 937; *Cortigiano,* 227 F.R.D. at 206 ("[S]light variations in how defendants treated different plaintiffs . . . [do] not render the claims atypical").

[54] *See Affidavit of Jennifer Spencer in Support of Motion for Class Certification* at ¶¶ 2-7.

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 13 of 16

delays when seeking essential healthcare benefits. As such, the typicality requirement is satisfied.

### 4. Adequacy of Representation

Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."[55] "For representation to be adequate, the plaintiff's attorney must be qualified, and there must be no conflict of interest between the named plaintiff and the other members of the class."[56] The defendants have the burden to demonstrate that the representation is inadequate.[57]

Here, there are no conflicts of interest between Ms. Spencer and the putative class members as to the desired outcome, the proof necessary to succeed on the merits, or the relief sought. Ms. Spencer has suffered from the same harms as the class members. In turn, Ms. Spencer and the class members all collectively seek the same declaratory and injunctive relief: for the defendants to remedy their ongoing failures to comply with the law as to the processing of Medicaid applications and providing benefits with reasonable promptness. Such a remedy would ensure that the defendants uniformly cure harms as to the class as a whole.[58]

---

[55] Fed. R. Civ. P. 23(a)(4).

[56] *Marisol A.,* 126 F.3d at 378.

[57] *See Johns v. Rozet*, 141 F.R.D. 211, 217 (D.D.C. 1992).

[58] *Cf. State v. Alex*, 646 P.2d 203, 214-15 (Alaska 1982) (holding that there are no inherent conflicts among class members in a suit challenging the constitutionality of a statute).

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 14 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 14 of 16

The class is also represented by qualified attorneys – Goriune Dudukgian and James J. Davis, Jr. of the Northern Justice Project, LLC – who are highly experienced and have a stellar track record in class action litigation, including several prior class actions involving the Alaska Medicaid program.[59] Pursuant to Federal Rule of Civil Procedure 23(g), this Court should appoint Mr. Dudukgian and Mr. Davis as class counsel.

### C. The Proposed Class Meets the Further Requirements of Rule 23(b)(2).

In addition to meeting the prerequisites for class certification under Rule 23(a), the proposed class must also meet the requirements for one of the three possible types of class actions set forth in Rule 23(b). Here, the class meets the requirements of Rule 23(b)(2) because the defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Indeed, Rule 23(b)(2) class actions are especially appropriate where, as here, a plaintiff class seeks declaratory and injunctive relief from unlawful policies and practices in the administration of a government benefit programs.[60]

---

[59] *See generally Declaration of Goriune Dudukgian in Support of Motion for Class Certification*, filed and served herewith.

[60] *See*, *e.g.*, *Ortiz v. Eichler*, 616 F. Supp. 1046, 1058-59 (D. Del. 1985) (challenge to state practices in government benefit programs satisfied 23(b)(2)); *Tugg v. Towney,* 864 F. Supp. 1201, 1204 (S.D. Fla. 1994) (failure to provide mental health counseling services to deaf clients by therapists fluent in sign language); *see generally* 7A Wright, Miller & Kane, Fed. Prac. & Proc. Civil 2d. § 1775 at 484-492 (1986 and Supp. 2003)("Rule 23(b)(2) has been used extensively to challenge the enforcement and application of complex statutory schemes, such as suits questioning the method of distributing benefits under the Social Security Act, actions on

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 15 of 16

Case 3:19-cv-00087-SLG   Document 6   Filed 03/31/19   Page 15 of 16

## IV. CONCLUSION

For the foregoing reasons, this Court should now certify the proposed class and should appoint Goriune Dudukgian and James J. Davis, Jr. of the Northern Justice Project, LLC as class counsel.

DATED this 31st day of March, 2019.

        NORTHERN JUSTICE PROJECT, LLC
        Attorneys for Plaintiff

        By: /s/ Goriune Dudukgian
            Goriune Dudukgian, ABA No. 0506051
            James J. Davis, Jr., ABA No. 9412140

**CERTIFICATE OF SERVICE**
I certify that on March 31, 2019
I served the foregoing document
electronically via the ECF system on:

Alexander J. Hildebrand

By: /s/ Goriune Dudukgian

---

behalf of person seeking benefits under the Food Stamp Program, and suits testing the eligibility criteria for persons receiving Aid to Families with Dependent Children.").

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION
*Jennifer Spencer, et al. v. Adam Crum, et al.*
Case No. 3:19-cv-00087-SLG
Page 16 of 16