KEVIN G. CLARKSON
ATTORNEY GENERAL

Alexander J. Hildebrand (Alaska Bar No. 0612104)
Assistant Attorney General
Department of Law
PO Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2539
Email: alexander.hildebrand@alaska.gov

Attorney for Defendants State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JENNIFER SPENCER, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services, and SHAWNDA O'BRIEN, in her official capacity as Director of the Alaska Division of Public Assistance,<br><br>Defendants. | Case No. 3:19-cv-00087-SLG |

**DEFENDANTS' ANSWER**

Defendants Adam Crum, in his official capacity as Commissioner of the Alaska

Department of Health and Social Services ("DHSS"), and Shawnda O'Brien, in her

official capacity as the Director of the Alaska Division of Public Assistance ("DPA"), by

and through the Office of the Attorney General, together answer the complaint in this action as follows.

## PRELIMINARY STATEMENT

1. This paragraph states a legal conclusion to which no response is required. To the extent a factual response is required, denied.

2. Denied. To the extent that this paragraph states a legal conclusion, no response is required.

3. Admit.

4. Admit that in the 2018 state fiscal year, 19,631 Medicaid applications, which were 46.3% of applications submitted, were not processed within federal timelines. Admit that the federal timelines for processing Medicaid applications were not achieved for 33.6.% of applicants in the 2014 state fiscal year; 62.2% of applicants in the 2015 state fiscal year, 57.4% of applicants in the 2016 state fiscal year, and 48.6% of applicants in the 2017 state fiscal year. The remainder of this paragraph is denied or states legal conclusions to which no response is required.

5. Admit that no district office timely processed more than 66% of Medicaid applications received as of the February 4, 2019, report. The remainder of this paragraph is denied or states legal conclusions to which no response is required.

6. Denied. To the extent that this paragraph states a legal conclusion, no response is required.

## JURISDICTION

7. This paragraph states a legal conclusion to which no response is required. To the extent a factual response is required, denied. The United States District Court, District of Alaska, has jurisdiction over this case.

8. This paragraph states a legal conclusion to which no response is required. To the extent a factual response is required, denied. Venue is proper in the District of Alaska.

## PARTIES

9. To the best of Defendants' knowledge, Admit.

10. Admit that Adam Crum is the Commissioner of the Department of Health and Social Services ("DHSS"). Admit that DHSS administers Alaska's Medicaid Program. To the extent that this paragraph states a legal conclusion, no response is required.

11. Admit that Shawnda O'Brien is the Director of the Division of Public Assistance ("DPA"). Admit that DPA is the Division within DHSS that processes Medicaid applications and makes Medicaid eligibility decisions. To the extent that this paragraph states a legal conclusion, no response is required.

## CLASS ALLEGATIONS

12. This paragraph states a legal conclusion to which no response is required.

13. This paragraph states a legal conclusion to which no response is required.

14. This paragraph states a legal conclusion to which no response is required.

15. This paragraph states a legal conclusion to which no response is required.

## STATUTORY AND REGULATORY SCHEME

16. This paragraph states a legal conclusion to which no response is required.

17. This paragraph states a legal conclusion to which no response is required.

18. This paragraph states a legal conclusion to which no response is required.

19. This paragraph states a legal conclusion to which no response is required.

20. This paragraph states a legal conclusion to which no response is required.

21. This paragraph states a legal conclusion to which no response is required.

22. This paragraph states a legal conclusion to which no response is required.

23. This paragraph states a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

**A.  Facts common to the Class**

24. Denied. To the extent that this paragraph states a legal conclusion, no response is required.

25. Denied. To the extent that this paragraph states a legal conclusion, no response is required.

26. Admit.

27. Admit.

28. Admit that the February 4, 2019, report indicates that no district office is processing all Medicaid applications within State and Federal timeframes. Admit that the February 4, 2019, report indicates that no office is processing more than 66% of initial

Medicaid applications within state timeframes. Admit that the February 4, 2019, report indicates that some offices are not processing more than half of applications within state timeframes.

29. The Alaska State Ombudsman's report speaks for itself. The remainder of this paragraph is denied or states a legal conclusion to which no response is required.

30. The Alaska State Ombudsman's report speaks for itself.

31. The Alaska State Ombudsman's report speaks for itself.

**B.    Facts of Individual Named Plaintiff**

32. Admit that Ms. Spencer applied for Medicaid through the Health Insurance Marketplace on healthcare.gov on December 21, 2018. Defendants do not have sufficient knowledge to admit or deny the remainder of this paragraph.

33. Defendants do not have sufficient knowledge to admit or deny the allegations in this paragraph.

34. Denied.

## STATEMENT OF CLAIMS

## COUNT I – VIOLATION OF 24 U.S.C. § 1983

35. Defendants incorporate every paragraph above as if fully restated herein.

36. This paragraph states a legal conclusion to which no response is required.

37. This paragraph states a legal conclusion to which no response is required.

38. This paragraph states a legal conclusion to which no response is required. To the extent a factual response is required, denied.

## COUNT II – VIOLATION OF 7 AAC 100.018

39. Defendants incorporate every paragraph above as if fully restated herein.

40. This paragraph states a legal conclusion to which no response is required. To the extent a factual response is required, denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to bring these claims.

3. Plaintiff's claims are not ripe.

4. Plaintiff has not suffered any injury.

5. Plaintiff's claims are moot.

6. Defendants are entitled to sovereign and/or statutory immunity.

7. Plaintiff's requested relief would violate the doctrine of separation of powers.

8. The federal government has the sole authority to enforce the violations asserted by Plaintiff.

9. Plaintiff has failed to exhaust administrative remedies.

10. Defendants are not persons within the meaning of 42 USC § 1983.

11. There is no controversy such that the court should issue a declaratory judgment.

12. Plaintiff is estopped from bringing her claim.

13. The State reserves the right to assert additional defenses and other matters as the case proceeds.

## PRAYER FOR RELIEF

Defendants pray for the following relief:

1. That the complaint be dismissed in its entirety with prejudice.

2. That Plaintiffs' prayer for relief be denied.

3. That Defendants be awarded their costs and fees in the action.

4. That the Court award Defendants such other relief as may be just and equitable under the circumstances.

DATED: April 5, 2019.

KEVIN G. CLARKSON
ATTORNEY GENERAL

By: /s/Alexander J. Hildebrand
Alexander J. Hildebrand
Assistant Attorney General
Alaska Bar No. 0612104
Department of Law
PO Box 110300
Juneau, AK 99811-0300
Phone: (907) 465-3600
Facsimile: (907) 465-2539
Email: alex.hildebrand@alaska.gov
Attorney for Defendants Commissioner Crum and Director O'Brien

Certificate of Service

I certify that on April 5, 2019, the foregoing *Defendants' Answer* was served electronically on the following:

James J Davis, Jr. and Goriune Dudukgian
Northern Justice Project, LLC
310 K Street, Suite 200
Anchorage, AK 99501


/s/Rebecca N. Garcia
Rebecca N. Garcia, Law Office Assistant