# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JENNIFER SPENCER, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services, and SHAWNDA O'BRIEN, in her official capacity as Director of the Alaska Division of Public Assistance,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:19-cv-00087-SLG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED SETTLEMENT AGREEMENT AND ORDER

1. Plaintiff Jennifer Spencer, on behalf of herself and all others similarly situated, filed this class action lawsuit against Adam Crum, in his official capacity as Commissioner of the State of Alaska, Department of Health and Social Services, and Shawnda O'Brien, in her official capacity as Director of the State of Alaska, Department of Health and Social Services, Division of Public Assistance (hereinafter collectively referred to as "DHSS" or "Defendants"). Plaintiff filed the class action complaint in the Superior Court of the State of Alaska on February 27, 2019, and Defendants removed it to United States District Court, District of Alaska on March 29, 2019.

*Spencer v. Crum and O'Brien*  Case No. 3:19-cv-00087-SLG
Stipulated Settlement Agreement and Order  Page **1** of **7**

Case 3:19-cv-00087-SLG   Document 28   Filed 08/08/19   Page 1 of 7

2. Plaintiff alleged that DHSS was violating the Medicaid Act at 42 U.S.C. §1396(a)(8) by not making timely decisions on initial applications for Medicaid. Plaintiff sought to enforce her rights under 42 USC § 1983 by requesting declaratory and injunctive relief against DHSS requiring it to make decisions on Medicaid eligibility under certain timelines. Specifically, Plaintiff alleged that DHSS was not making decisions on initial applications for Medicaid within the timeframes described in 42 C.F.R. § 435.912(c)(3) and 7 AAC 100.018(b).

3. Without admitting the Plaintiff's contentions, DHSS has agreed to meet certain timelines for processing initial applications for Medicaid eligibility. There are no further legal issues the parties need to resolve. Plaintiff, by and through her counsel of record, James J. Davis, Jr. and Goriune Dudukgian of the Northern Justice Project, LLC and Defendants, by and through counsel, Assistant Attorney General Alexander Hildebrand, have engaged in arms' length negotiations and have reached an agreement to settle all claims raised in the above-captioned matter pursuant to the terms below.

WHEREFORE the Plaintiff, by and through the Northern Justice Project, LLC, and Defendants, by and through the Office of the Attorney General, hereby stipulate and agree as follows:

A. **Eligibility Determinations.** Under 42 U.S.C. § 1396a(a)(8) a state plan for the administration of the Medicaid program must provide for an opportunity to apply for medical assistance and that assistance shall be furnished with reasonable promptness to

eligible individuals. Under federal policy at 42 C.F.R. § 435.912(c)(3), a determination on eligibility for Medicaid shall be made within 90 days for applicants who apply for Medicaid on the basis of disability and 45 days for other applicants for Medicaid. This timeframe will be referred to as the "federal eligibility timeframe." Under Alaska policy at 7 AAC 100.018(a), a determination on eligibility shall be made within 90 days for applicants who apply for Medicaid on the basis of disability and 30 days for other applicants for Medicaid. This timeframe will be referred to as the "state eligibility timeframe." A determination of eligibility shall be considered to be made when a notice is sent out to the applicant in accordance with the requirements of 7 AAC 100.018. A notice of a determination on eligibility will include the type of notification required by 7 AAC 100.018(b), and will state at a minimum whether the individual has been found eligible for Medicaid and if the individual is eligible, the date when eligibility begins. If the federal or state laws establishing the federal or state eligibility timeframes change, the parties understand that DHSS is not required to meet more stringent requirements than those established by the changed law.

  B. **Substantial Compliance with Timeliness of Decisions.** The parties agree that in exchange for Plaintiff dismissing this lawsuit, DHSS will "substantially comply" with the above requirements to make timely determinations of eligibility for Medicaid applicants. "Substantial compliance" is defined in accordance with the terms described below.

*Spencer v. Crum and O'Brien*                    Case No. 3:19-cv-00087-SLG
Stipulated Settlement Agreement and Order                Page **3** of **7**

Case 3:19-cv-00087-SLG    Document 28    Filed 08/08/19    Page 3 of 7

1. DHSS agrees that by January 1, 2020, it will be making a determination of eligibility on initial Medicaid applications within the federal eligibility timeframe for at least 87% of applications submitted.

2. DHSS agrees that by the end of State Fiscal year 2020 (July 1, 2020), it will be making a determination of eligibility on initial Medicaid applications within the federal eligibility timeframe for at least 92% of applications submitted.

3. DHSS further agrees that that by the end of State Fiscal year 2020 (July 1, 2020), it will be making a determination of eligibility on initial Medicaid applications within the state eligibility timeframe for at least 87% of applications submitted.

4. DHSS agrees that by the end of calendar year 2020, it will be making a determination of eligibility on initial Medicaid applications within the state eligibility timeframe for at least 92% of applications submitted.

The parties understand that DHSS's ability to meet the above described eligibility determination timeframes may be affected by unforeseen circumstances that would delay or prevent DHSS from meeting these goals. If DHSS believes that unforeseen circumstances will prevent it from meeting the eligibility determination goals in this Section B, it will describe the unforeseen circumstances to Plaintiff's counsel within a reasonable time of learning of the unforeseen circumstances. In the event of such

unforeseen circumstances, the parties agree to work together in good faith to come to an agreement about modifying the eligibility determination timeframes described above in this Section B. If the parties are unable to reach an agreement on the modification of the timeframes, DHSS may file a motion with the Court to modify the timeframes in this Section B of the agreement or may assert unforeseen circumstances as a defense to an attempt by Plaintiff to enforce the timeframes in this agreement. Unforeseen circumstances can include things such as a change in federal law, a change in requirements from the Centers for Medicare & Medicaid Services (CMS), a change in State law, a natural disaster, or a state or national emergency.

    **C.**    **Reports.** DHSS agrees that it will provide reports to Plaintiff's counsel that include the most recent final and preliminary statements of the percentage of initial Medicaid applications that are being processed within the federal and state timelines, including the rates for timely Medicaid eligibility determinations being reported to CMS. DHSS will provide the first report on August 1, 2019, and will provide a report every two months thereafter until the end of calendar year 2020. The DHSS reports will include the most recent final and preliminary data available, but will likely not include numbers for the month that has just concluded as that data may not yet be available.

    **D.**    **Attorney's Fees.** DHSS agrees to reimburse Plaintiff's counsel, the Northern Justice Project, LLC, for reasonable attorney's fees and costs incurred in connection with this litigation. As of the execution of this settlement, Plaintiff estimates

that its fees are approximately $16,500. Plaintiff will provide DHSS with itemized billing records and a draft cost bill by August 5, 2019. DHSS will pay those fees and costs by September 5, 2019, or thirty days after the Court signs off on this agreement, whichever is later, unless it informs Plaintiff how or why those fees and costs are unreasonable or improper. In that case, the Court will decide Plaintiff's reasonable attorney's fees and costs.

**E.** **Dismissal.** The above-captioned case will be dismissed. The parties agree that the court in this action will retain jurisdiction to enforce the settlement agreement. In any dispute to enforce the settlement agreement, the parties will be entitled to costs and fees as allowed by applicable federal and/or state law.

///

DATED: August 5, 2019.

Respectfully submitted,

By: /s/Goriune Dudukgian
Goriune Dudukgian
James J. Davis, Jr.
Northern Justice Project, LLC
Attorneys for Plaintiff

By: /s/ Alexander Hildebrand (with consent)
Alexander Hildebrand
Attorney General's Office

State of Alaska Department of Law
Attorneys for Defendants

**IT IS SO ORDERED this 8th day of August, 2019.**

*/s/ Sharon L. Gleason*
The Hon. Sharon L. Gleason
United States District Judge